UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAYSON HAYES,
    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,
    *Defendant*.

No. 3:15-cv-01589 (JAM)

**RULING ON CROSS MOTIONS TO REMAND AND AFFIRM DECISION
OF THE COMMISSIONER OF SOCIAL SECURITY**

*Pro se* plaintiff Jayson Hayes asserts that he has been disabled and unable to work since May 31, 2012, due to a combination of impairments including back pain, heart problems, and hypertension. His claim for disability insurance and supplemental security income was denied by the Commissioner of Social Security. He now brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's final decision. I assume the parties' general familiarity with plaintiff's claims and the record in this case.

Plaintiff first contends that the attorney who represented him before the Administrative Law Judge (ALJ) was ineffective, because the attorney failed to provide complete medical information to the ALJ. Because a claimant in a social security disability proceeding has no right to the effective assistance of counsel, I will decline to grant relief on this ground. *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009); *Hohman v. Colvin*, 2015 WL 4198986, at *18 (W.D. Mo. 2015).

Plaintiff further contends that the ALJ erred by failing to develop the record with respect to plaintiff's treating neurosurgeon, Dr. Gary Zimmerman, who performed surgery on plaintiff's

1

back in 2000 and treated him again from 2013 to 2015. I agree and will grant remand on this basis.

It is well established that "[t]he ALJ, unlike a judge in a trial, must herself affirmatively develop the record" in light of "the essentially non-adversarial nature of a benefits proceeding." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). The ALJ, in other words, has a duty "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011). This duty arises from the Commissioner's regulatory duty to develop a complete medical record before making a disability determination, 20 C.F.R. § 404.1512(d)-(f), and exists even when, as here, the claimant is represented by counsel at the administrative hearing. *See Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999); *see also Evans v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 518, 537 (S.D.N.Y. 2015). Of course, the duty to develop the record is not limitless. "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information . . . ." *Rosa*, 168 F.3d at 79 n.5.

In my view, the ALJ did not possess a complete medical history in plaintiff's case and had an obligation to seek additional information. Plaintiff mentioned Dr. Zimmerman several times during the ALJ hearing. He testified that after he returned to Connecticut from California, Dr. Zimmerman "checked out" his back, performed x-rays, explained to plaintiff that a screw in plaintiff's back was "rubbing against [a] nerve in [plaintiff's] back," and cautioned plaintiff against undergoing a third surgery. Doc. #11-3 at 67. Plaintiff also testified that he had seen Dr. Zimmerman two weeks before the hearing and that Dr. Zimmerman performed an MRI. *Ibid*. In her decision, the ALJ specifically noted that plaintiff "testified to visits with his treating surgeon,

Dr. Zimmerman, and a discussion about further spinal surgery," but that "there was no medical evidence in the record to support his allegations." *Id.* at 36. The lack of any information from Dr. Zimmerman constituted an obvious (and acknowledged) gap in the record, in light of Dr. Zimmerman's unique knowledge about plaintiff's back impairment, plaintiff's references to Dr. Zimmerman at the hearing, and the fact that Dr. Zimmerman had treated plaintiff so recently.

Although the ALJ received records from some of plaintiff's other treating physicians (such as primary care physicians and a cardiologist), Dr. Zimmerman was the doctor best positioned to provide information about plaintiff's back pain, which appears to be plaintiff's primary impairment. Here, I see no evidence that the ALJ made any effort to obtain documents from Dr. Zimmerman. *Compare, e.g.*, *Goulart v. Colvin*, 2017 WL 253949, at *4 (D. Conn. 2017) (finding ALJ satisfied duty to develop the record where ALJ twice subpoenaed missing records and followed up on both subpoenas).

The ALJ also did not obtain source statements from any of plaintiff's treating physicians. During the hearing, the ALJ noted the absence of medical source statements in plaintiff's file, but did not indicate that the ALJ had requested or planned to request such statements.[1] Although the absence of a medical source statement from a claimant's treating physicians is not necessarily fatal to an ALJ's determination, "the Social Security regulations express a clear preference for evidence from the claimant's own treating physicians over the opinion rendered by a consultative examiner." *Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 84 (2d Cir. 2015); *see also*

---

[1] The following exchange took place between the ALJ and plaintiff's attorney at the hearing:
    ALJ: Okay. Mr. Shapiro, I didn't see any MSSs in the file. Do you have anything on order for those or no?
    ATTY: No.
    ALJ: Okay.
    ATTY: Well, we always request them. Unfortunately, because of the sources, we don't get responses.
    ALJ: Okay. All right.
Doc. #11-3 at 62–63.

*Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33–34 (2d Cir. 2013). The absence of any source statements (or other assessments of plaintiff's limitations and abilities) from plaintiff's treating physicians further suggests that the medical record here was incomplete.

Plaintiff eventually submitted records from Dr. Zimmerman to the Appeals Council: a musculoskeletal RFC/pain questionnaire completed by Dr. Zimmerman on July 15, 2014 (Doc. #11-3 at 111–17); state DSS forms completed by Dr. Zimmerman in September 2014 and March 2015 (*id.* at 14–23); and additional medical records from Dr. Zimmerman from 2013 and 2014 (*id.* at 46–55, 103–10). The Appeals Council declined to consider any of these additional documents, finding that the evidence did not meet the criteria for consideration under 20 C.F.R. § 405.401(c). Beyond reciting the criteria, the Appeals Council did not offer a reasoned explanation for why the evidence did not meet the § 405.401(c) criteria. My review of these documents, however, shows that they would have been relevant in assessing plaintiff's subjective complaints of pain and could have impacted the determination of plaintiff's residual functional capacity and limitations. *See, e.g.*, Doc. #11-3 at 111 (listing plaintiff's diagnosis as severe lumbar spondylosis, noting "incomplete fusion" seen on a scan, and assessing plaintiff as "essentially incapacitated"); *id.* at 112–15 (noting plaintiff's abnormal gait, muscle spasms, impaired sleep, and chronic fatigue; indicating that plaintiff could stand for only 5 minutes at a time; noting that plaintiff can never twist, stoop, crouch/squat, climb ladders, or climb stairs; and leaving several questions about the "typical workday" blank, instead writing in the margin that plaintiff is "unable to work").

Because I find that the ALJ did not adequately develop the record, I will remand this case pursuant to 42 U.S.C. § 405(g). On remand, the ALJ is requested to consider the documents from Dr. Zimmerman that plaintiff submitted to the Appeals Council, which are now a part of the

administrative record in this case. *See Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) ("evidence submitted to the Appeals Council becomes part of the administrative record" (citing *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996))). The ALJ is also requested to further develop the record if necessary with respect to more recent evidence, given that the last hearing decision was over two and a half years ago, and plaintiff's date last insured is December 31, 2017. Doc. #11-3 at 29.

Plaintiff's motion to remand (Doc. #13) is GRANTED. Defendant's motion to affirm the decision of the Commissioner (Doc. #14) is DENIED. The case is remanded for the ALJ to consider the evidence that plaintiff submitted to the Appeals Council and to develop the record further if necessary.

It is so ordered.

Dated at New Haven, Connecticut, this 30th day of March 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge